

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MCT MONTE ROSA, AG,
FRAUENFELD, AG and MEGA
CHEMICALS INTERNATIONAL, AG,

          Plaintiffs,

- against -

A/S DAN-BUNKERING, LTD.,

          Defendant.
------------------------------------------------------X

09 CV ____
ECF CASE

## VERIFIED COMPLAINT

Plaintiffs, MCT Monte Rosa, AG ("Monte Rosa"), Frauenfeld, AG ("Frauenfeld") and Mega Chemicals International, AG ("Mega Chemicals")(collectively referred to herein as "Plaintiffs"), by and through their attorneys, Tisdale Law Offices LLC, as and for their Verified Complaint against the Defendant, A/S Dan-Bunkering, Ltd. ("DB" or "Defendant"), allege, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff MCT Monte Rosa, AG was a foreign company duly organized and operating under foreign law with an office and place of business in Switzerland and was at all material times the owner of the M/V MCT MONTE ROSA (hereinafter the "Vessel").

3. At all material times to this action, Plaintiff Frauenfeld, AG was a foreign company duly organized and operating under foreign law with an office and place of business in Switzerland.

4. At all material times to this action, Plaintiff Mega Chemicals was a foreign company duly organized and operating under foreign law with an office and place of business in Denmark and was at all material times the charterer of the Vessel.

5. Upon information and belief, at all material times, Defendant DB was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Copenhagen, Denmark.

6. On June 15, 2009, Plaintiff Mega Chemicals placed an order with DB for bunkers, the physical supplier of which was Onsys.

7. The Vessel was supplied with "off-spec bunker fuel" at Singapore on June 23, 2009.

8. Samples conducted of the off-spec bunkers determined that the bunkers were unsuitable for use.

9. As a result, the Vessel was diverted to Honolulu to stem replacement bunkers and arrangements must be made for debunkering the off-spec bunkers.

10. Plaintiffs' damages for deviation expenses and waiting time in Honolulu at a rate of $21,000 per day total $94.500.

11. Plaintiffs' damages for bunker price differential in Singapore and Honolulu total $4,900.

12. Plaintiffs' loss of 100 mt bunkers which became commingled with the off-spec bunkers totals $39,600.

13. Damages for the estimated day off-hire intended for debunkering the off-spec bunkers totals $21,000.

14. Damages for the estimated cleaning cost of the tank total $13,000.

15. As a result of Defendant providing unsuitable, off-spec bunkers to the Vessel, Plaintiffs incurred charges totaling **$173,000.00**.

16. Despite due demand, Defendant has failed to pay the charges due and owing to the Plaintiffs.

17. The Charter Party provides that any disputes arising thereunder be governed by Danish law in Commercial Court in Copenhagen.

18. It is common practice for foreign entities who engage in international maritime transactions to make and receive payments in U.S. dollar denominated electronic fund transfers.

19. Due to the requirement that foreign banking institutions have relations with U.S. corresponding banks in order to send or receive payment in U.S. dollars, all such transfers and payments pass through the hands of garnishee banks located in this District.

20. Thus, it is anticipated and expected that U.S. dollar payments made by the Defendant herein are expected to be made by electronic fund transfer passing through corresponding banks within this District.

21. As best as can now be estimated, Plaintiffs expect to recover the following amounts:

|   |   |   |
|---|---|---|
| A. | Total Principal Claim: | **$173,000.00** |
| B. | Estimated interest on claims: 3 years at 7.5% | $39,925.00 |
| C. | Arbitration costs: | $30,000.00 |
| D. | Attorneys' fees: | $50,000.00 |
| **Total** |  | **$291,925.00** |

22. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of

3

Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

23. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, to compel arbitration and to secure the Plaintiffs' claim as described above.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$291,925.00**.

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$291,925.00** to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through,

or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any arbitration award or judgment in Plaintiffs' favor against the Defendant as a judgment of this Court;

D.   That this Court award Plaintiffs the attorneys' fees and costs incurred in this action; and

E.   That the Plaintiffs have such other, further and different relief as the Court deems just, proper and equitable.

Dated: August 24, 2009
New York, NY

The Plaintiffs,
MCT MONTE ROSA, AG, FRAUENFELD, AG
and MEGA CHEMICALS INTERNATIONAL, AG

By: _____
Thomas L. Tisdale (TT 5263)
Lauren C. Davies (LD 1980)
TISDALE LAW OFFICES LLC
One Grand Central Place
60 East 42nd Street, Suite 1638
New York, NY 10165-6220
(212) 354-0025 – phone
(212) 869-0067 – fax
ttisdale@tisdale-law.com
ldavies@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut   )
                       )   ss.:   Southport
County of Fairfield    )

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated:   August 24, 2009
         Southport, CT

/s/ Thomas L. Tisdale
Thomas L. Tisdale